UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

Case No.  20-20386

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

GARY HARRIS
a.k.a. MARK HARRIS

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____

is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐      This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐    There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

2

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

      IT IS SO ORDERED.

:

                        s/Terrence G. Berg
                        UNITED STATES DISTRICT JUDGE

Dated:   June 28, 2022

Mr. Harris moves for compassionate release, citing his medical conditions and the Covid-19 pandemic. ECF No. 55. Mr. Harris' medical records support that he suffers from heart disease, Type II Diabetes, neuropathy, hypothyroidism, hypertension, hyperlipidemia, chronic obstructive pulmonary disease, obesity, as well as other conditions. ECF No. 63. Mr. Harris also alleges he has contracted COVID-19, and although he has recovered, is concerned at the possibility of reinfection as a high-risk individual.

In determining whether Mr. Harris is eligible for compassionate release under 18 U.S.C. § 3582(c), the Court must determine (1) whether he has exhausted his administrative remedies, (2) whether there are "extraordinary and compelling reasons" that warrant his release, and (3) whether release would be consistent with the factors in § 3553(a).

Although Mr. Harris provides a copy of an inmate request for release to the warden dated September 1, 2021, ECF No. 64, the Government contends that this request has only been filed with the Court and the BOP has no record of the request. Without additional evidence indicating that the BOP has received Mr. Harris' request for release, the Court must deny the present motion.

Additionally, for the reasons explained, the Court finds that after reviewing his medical record, even if Mr. Harris had exhausted his administrative remedies, Mr. Harris has failed to articulate an extraordinary and compelling reason for early release.

1

First, Mr. Harris has already been infected with COVID-19, and recovered successfully. This does not mean that Mr. Harris's motion must fail, however, because reinfection with COVID-19 remains possible and the Sixth Circuit has held that compassionate release is not per se unavailable to a defendant who has recovered from COVID-19, *see United States v. Jones*, No. 21-1232, 2021 WL 5918305 at *2-3 (6th Cir. Sept. 23, 2021). At the same time, several courts in this district have recognized that the prospect of severe illness as a result of COVID-19 reinfection is unlikely and that such a possibility will not ordinarily justify compassionate release. *United States v. Johnson*, No. 11-20493, 2021 WL 822495, at *3 (E.D. Mich. Mar. 4, 2021) (relying on CDC guidance to conclude that the "low risk of reinfection" does not justify release and collecting cases); *United States v. Humphrey*, No. 2:15-CR-20329-4, 2021 WL 1422765 at *2 (E.D. Mich. Apr. 15, 2021) (reaching same conclusion after considering research from the National Institutes of Health and collecting cases).

Second, in addition to having recovered from COVID-19, medical records indicate Mr. Harris received the COVID-19 vaccination in July 2021. ECF No. 63, PageID.1291.  The Sixth Circuit has explained that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Although the

Court is aware that Mr. Harris suffers from serious medical health conditions, including heart disease, diabetes, and obesity, all conditions that are known to increase the risk of serious COVID-19 infection, the Sixth Circuit and other courts in this district have explained that, in light of the availability of the COVID-19 vaccine, such conditions may not warrant compassionate release. *See, e.g., United States v. Knight*, No. 21-2781, 2022 U.S. App. LEXIS 479 at *2-4 (6th Cir. Jan. 6, 2022) (petitioner who suffered asthma, obesity, pre-diabetes, and other conditions did not present extraordinary and compelling reasons justifying release given availability of vaccine). In one particularly similar case, the Sixth Circuit concluded that COVID-19 reinfection risk was not an extraordinary and compelling circumstance for a petitioner with obesity, diabetes, asthma, and other conditions because she had been both vaccinated against COVID-19 and previously infected with COVID-19, even though that petitioner "required the use of an inhaler four times per day rather than twice per day" after her initial infection with the virus. *United States v. Boblett*, No. 21-5537, 2021 U.S. App. LEXIS 31128 at *6-7 (6th Cir. Oct. 15, 2021). Other courts in this district have reached the same result. See *United States v. Cotton-Jones*, No. 19-20232, 2022 WL 1213107 at *4 (E.D. Mich. Apr. 25, 2022) (denying compassionate release where petitioner suffered hypertension, diabetes, and obesity, and collecting cases); *United States v. Ward*, No. 16-CR-20632, 2022 WL 73042 at *2-3 (E.D. Mich. Jan. 7, 2022) (petitioner did not present extraordinary and

compelling reasons justifying release where he was obese and suffered sleep apnea but had been fully vaccinated against COVID-19 and already been infected with the virus).

Petitioner has been vaccinated against COVID-19 and has already been infected with the virus once. Petitioner's medical conditions are being monitored, and he is under the regular care of medical professionals. In sum, Mr. Harris's health conditions likely do not present extraordinary and compelling reasons justifying a sentence reduction. Moreover, even if Mr. Harris were able to articulate extraordinary and compelling reasons, the Court must nevertheless consider the § 3553(a) factors, and here those factors counsel against release.

Mr. Harris has an extensive criminal history which includes felony convictions for attempted robbery and controlled substances offenses. He also has various parole and supervised release violations. The sentences he received in the past were not sufficient to deter Mr. Harris from committing further crimes. The Government reports that while incarcerated, Mr. Harris has also received numerous disciplinary infractions.

The facts of the instant offense also counsel against release. The offense was committed while Mr. Harris was on federal supervised release for a drug-related offense, when he used a stolen firearm to shoot in the air outside of a club after assaulting his girlfriend and her sister. The fact that Mr. Harris committed the underlying offense while under

4

supervised release demonstrates the need for a sentence that will be an adequate deterrent to Mr. Harris as well as to others.

The Court also notes that Mr. Harris's 92-month sentence represented a significant downward departure from minimum sentence of 15 years imprisonment, absent Mr. Harris's plea agreement. In fact, the Government considered Mr. Harris's mitigating health conditions in recommending a much lower sentence. A further reduction would thus be inconsistent with the goals of sentencing, including those of promoting respect for law and protecting society. In light of all the factors described above, a reduction to time served would neither adequately reflect the serious nature and circumstances of Mr. Harris's crime, nor afford the kind of deterrence necessary to discourage the commission of additional crimes. Having considered all of the relevant factors, early release is not appropriate.